FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC - 5 2008

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JASON ERIC SONNTAG, | 3:07-CV-00311-BES (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| DENNIS BALAAM, THE SHERIFF OF WASHOE COUNTY, WASHOE COUNTY BOARD OF SUPERVISORS, DEPUTY BARNES, BONNIE SHULER, DEPUTY SHELDON, DEPUTY OBOS, DEPUTY BAKER, DEPUTY PORTER, JUDGE CONNIE STEINHEIMER, LIBRARIAN COUNTY LAW LIBRARY, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion to Dismiss (Doc. #33), Defendant Honorable Judge Steinheimer's Motion to Dismiss (Doc. #24), Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Relief (Doc. #35), and Plaintiff's Reply and Objection to Defendants [sic] Motion to Dismiss dated June 24, 2008 as Moot to Be Stricken (Doc. #42).

///
///

1

# I. BACKGROUND

Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983, alleging wrongful arrest and prosecution and multiple violations of his constitutional rights. In Count I, Plaintiff alleges that he was falsely arrested and imprisoned for stealing a courthouse file in violation of his Fourth, Fifth, and Fourteenth Amendment rights on August 26, 2005. (Doc. #14 at 4.) Plaintiff names in this count Courthouse Deputy Barnes, Judicial Assistant Shuler, an unidentified Law Librarian, and District Attorneys Gammick and Spitzer. (*Id.*) In Count II, Plaintiff challenges several conditions of his confinement in the Washoe County Jail while awaiting trial, alleging that he has been exposed to severe mental, physical and sexual abuse and his personal property destroyed. (*Id.* at 5.) Plaintiff names in this count the former Washoe County Sheriff Dennis Balaam and District Attorney Richard Gammick. In Count III, Plaintiff alleges that he was the victim of a violent raid by a team of jail officials on October 12, 2006. (*Id.* at 6.) Plaintiff names in this count Deputies Obos, Baker, Sheldon, and Porter. Plaintiff seeks $1.5 million in damages.

# III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. All allegations of material fact are construed in the light most favorable to Plaintiff, taking any reasonable inferences drawn from them as true. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The plaintiff need only give defendants a fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). A Rule 12(b)(6) dismissal may arise from a lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). At minimum,

the complaint should plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Nevertheless, a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson*, 127 S.Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. DISCUSSION

As a threshold matter, the court should dismiss Plaintiff's claims against District Attorneys Spitzer and Gammick, who are mentioned in Counts I and II of the complaint but not in the caption. "Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting *Imbler v. Patchman*, 424 U.S. 409, 427-28 (1976)). Plaintiff does not identify any specific conduct with respect to these attorneys other than suggesting that he "has been a target of a malicious prosecution." (Doc. #14 at 4.) Plaintiff's claims presumably arise from the prosecutors' role in a judicial proceeding and therefore should be dismissed. Additionally, Plaintiff names the Washoe County Board of Supervisors in the caption of his complaint. Even liberally construing the pleadings, the court is unable to identify the party Plaintiff is referring to, as no government entity with that name exists. Moreover, there is no reference to this entity in the body of the complaint. Accordingly, these parties should be dismissed from Plaintiff's complaint.

### A.  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants have filed a motion to dismiss. (Doc. #33.) Plaintiff has opposed (Doc. #37) and Defendants have responded (Doc. #40). For the reasons set forth below, the court recommends that the motion should be granted in part and denied in part.

#### 1. Count I

Plaintiff alleges that he has been falsely imprisoned as a result of a conspiracy among courthouse personnel. Defendants first argue that this count should be dismissed because the alleged conduct is barred by the statute of limitations. For claims under 42 U.S.C. § 1983, this

is determined by the limitations periods for personal injury suits under state law. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). In Nevada, the statute of limitations for personal injury actions is two years. Nev. Rev. St. § 11.190(4)(e) (2007). The conduct in Count I occurred on August 26, 2005. Therefore, the earliest date Plaintiff's claims could begin to expire was August 26, 2007. Plaintiff filed the original complaint on July 11, 2007, which was before the expiration of the statute of limitations period. (*See* Doc. #1-1 [original complaint dated July 11, 2007]). Federal Rule of Civil Procedure 15(c) permits Plaintiff to relate an amended pleading back to the date of the original pleading when the amendment asserts a claim arising out of the same conduct, transaction, or occurrence set out in the original pleading. The court finds that each of the three counts in Plaintiff's amended complaint are substantially similar to those in his original complaint. Plaintiff is therefore permitted to relate his claims back to the original filing date so that he may avoid the statute of limitations bar.[1]

Defendants next argue that Count I cannot be brought under 42 U.S.C. § 1983 because Plaintiff is attempting to invalidate his conviction. Defendants are correct that § 1983 is an inappropriate avenue for relief when a prisoner challenges the fact or duration of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed.") The exclusive remedy to invalidate a conviction is a petition under the federal habeas corpus statute, not an action under 42 U.S.C. §1983. *Id.* Count I of Plaintiff's complaint claims that his conviction and imprisonment are unconstitutional because they result from a conspiracy among various Washoe County Courthouse personnel to "frame" the defendant. Because the import of this claim is to invalidate Plaintiff's conviction, it should be dismissed.

///
///

---

[1] The conduct in Count I was the earliest accruing in this lawsuit. Because Count I is not barred, it follows that there is no statute of limitations bar to Counts II or III either.

4

### 2. Count II

Defendants contend that Plaintiff has failed to allege any specific or actionable conduct in this portion of his complaint.[2] *See* Doc. #33 at 6. Defendants also assert that Plaintiff failed to demonstrate that the prison officials had a sufficiently culpable state of mind.

"[T]he more protective fourteenth amendment standard applies to conditions of confinement where detainees ... have not been convicted" of a crime. *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). The appropriate standard is not whether the government has provided the minimum civilized measure of life's necessities, as may be the case with the Eighth Amendment, but rather whether the nature and duration of commitment bears a reasonable relation to the purpose for which the individual is committed. *Id.* (citing *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). A pretrial detainee cannot be subjected to conditions which amount to punishment. *Bell*, 441 U.S. at 536. Punitive conditions may be shown where the challenged restrictions (1) are expressly intended to punish, or (2) may serve an alternative, non-punitive purpose but are nonetheless excessive in relation to the alternative purpose, or are employed to achieve objectives that could be accomplished through less harsh methods. *Id.*

Construing Plaintiff's allegations in the light most favorable to him, the court is unable to discern a valid claim for relief. This section of Plaintiff's complaint consists of a vague and conclusory recitation of various forms of conduct, often described in short phrases set off by commas. *See* Doc. #14 at 5; *see also Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982) (dismissing complaint for unsupported allegations of a deprivation of civil rights). While setting forth potentially grievous and actionable conduct, Plaintiff's complaint fails to include any facts that could support a cause of action. Though Rule 8(e)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim

---

[2] Plaintiff cites to the Fourteenth Amendment and the Fifth Amendment in this count. With respect to the Fourteenth Amendment, the court presumes that Plaintiff is bringing his claims relating to the conditions of his confinement as a pretrial detainee under the Fourteenth Amendment right to due process. With respect to the Fifth Amendment, Plaintiff does not specify which rights he is entitled to under this provision, nor what aspect of Defendants' conduct violates this right. Plaintiff is directed to remedy this deficiency in his amended complaint.

5

showing that the pleader is entitled to relief," critical information is missing that would provide defendants fair notice of what the claim is and the grounds upon which it rests. *See Erickson*, 127 S.Ct. at 2200. To comply with Rule 8, Plaintiff should include: "(1) the constitutional right that [Plaintiff] believes was violated; (2) the name of the defendant[s] who violated the right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of the defendant[s] is connected to the violation of [Plaintiff]'s constitutional right; and (5) what specific injury Plaintiff suffered because of the defendants['] conduct." *Tucker v. Stewart*, 72 Fed.Appx. 597, 598 (9th Cir. 2003). Plaintiff is directed to remedy this deficiency in an amended complaint.[3]

### 3. Count III

Plaintiff argues that an October 12, 2006 raid on his cell by prison officials constituted cruel and unusual punishment to a pretrial detainee in violation of the Eighth and Fourteenth Amendments. Plaintiff alleges that a twelve-man SWAT team took all the prisoners in his unit hostage for a three-hour period during which the prisoners were handcuffed behind their backs. Plaintiff alleges that with a stun gun directed aimed at his body and prison officials yelling at him for compliance, he was forced to march backwards into the solitary confinement section of the jailhouse without cause. Plaintiff also alleges that he was strip searched and left without a uniform for twenty fours. Plaintiff notes that he suffers from bipolar disorder and diabetes, and is hard of hearing. Defendants initially argue that Plaintiff has failed to allege excessive force or the requisite state of mind. (Doc. #33 at 7.)

Construing the allegations in the complaint in the light most favorable to Plaintiff, the court concludes that plaintiff has made an adequate showing. The isolation of the prisoner without clothing for a full day without cause could constitute an unnecessary and wanton infliction of pain without penological justification. *Hotpowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982). "A complaint may not be dismissed unless it appears beyond doubt that the

---

[3] The court notes that in dismissing the original complaint and granting leave to amend, the district court, the Honorable Brian E. Sandoval presiding, previously directed Plaintiff to include the names of the officers who mistreated him. (*See* Doc. #10 at 2, ll. 14-15 [Order Granting Dismissal)].

plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitled [the plaintiff] to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (citations omitted).

As with Count I, Defendants contend that Plaintiff's claims in this count are *Heck*-barred because he is attempting to invalidate his conviction. To the contrary, Plaintiff challenges a single incident related to his confinement. His claim does not attempt to negate an element of the offense for which he was convicted. *See Heck*, 512 U.S. at 487 n.6. If Plaintiff is successful in challenging an alleged raid on his cell by jailhouse officials before his trial, his subsequent conviction nevertheless remains intact. Therefore, Plaintiff may still bring this claim under 42 U.S.C. § 1983.

Defendants also argue that they are immune from civil suits to the extent they were government officials performing discretionary functions. The qualified immunity defense is available "insofar as [the officials'] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A qualified immunity defense is evaluated according to a three-step analysis. First, construing the facts in the light most favorable to the party asserting the injury, the court must determine whether the officer's conduct violated a constitutional right. Second, if a constitutional violation is present, the court must determine whether the right was clearly established at the time the officer acted. If the answer is yes, the court proceeds to the last step of the analysis, which is to determine whether the officer could have believed, reasonably but not mistakenly, that his or her conduct did not violate a clearly established constitutional right. *Skoog v. County of Clackamas*, 469 F.3d 1221, 1229 (9th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001)).

Assuming the truth of Plaintiff's factual allegations, the conduct would violate Plaintiff's due process right not to be punished before being convicted of a criminal offense. *Jones*, 393 F.3d at 931. That right would have been established before October 12, 2006, as Plaintiff achieved the status of pretrial detainee upon his admission to the Washoe County

Jail. After reviewing the record, the court finds that a reasonable officer in the circumstances would have concluded that this form of punishment without cause violated Plaintiff's constitutional rights. Accordingly, there is no qualified immunity defense available to Plaintiff at this stage of the proceedings.

Lastly, Defendants contend pursuant to the Prison Litigation Reform Act, Plaintiff must exhaust his state administrative remedies before filing a § 1983 complaint. 42 U.S.C. § 1997(e) (2000). This requirement applies to a pretrial confinement in a city jail facility. *See Nary v. Hennessey*, 2000 WL 1377276, at *1 (9th Cir. May 25, 2000). The burden to raise and prove this defense lies with the defendant. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have failed to offer any evidence that an administrative grievance procedure exists within the Washoe County Jail that Plaintiff failed to utilize. The court finds that Defendants have failed to satisfy their burden to raise this procedural bar. Therefore, Defendant's Motion to Dismiss with respect to Count III should be denied.

### B. HONORABLE JUDGE STEINHEIMER'S MOTION TO DISMISS

Individually, the Honorable Judge Steinheimer has filed a motion to dismiss herself from the complaint as a named defendant. (Doc. #24.) Plaintiff has opposed the motion (Doc. #30) and Defendant has replied (Doc. #32). Plaintiff claims that Judge Steinheiner participated in the conspiracy to arrest and imprison him when personnel falsely claimed that he stole a courthouse file. As discussed above, this claim is procedurally barred because Plaintiff is suing the judge in an attempt to invalidate his conviction. *See Heck*, 512 U.S. at 487. The court need not consider the other defenses at this time. The motion to dismiss Judge Steinheimer from Plaintiff's complaint should be granted.

### C. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

Plaintiff has filed a document entitled "Plaintiff's Complaint for Declaratory Relief Pursuant to FRCP Rule 57 and the Declaratory Relief Act." (Doc. #35.) Defendants have moved to dismiss. (Doc. #38.) Plaintiff argues that because Defendants failed to respond to

his complaint in a timely manner, he is entitled to the relief set out in his original complaint. (Doc. #35 at 1.) On June 2, 2008, the court ordered Defendants to file a responsive pleading within twenty days. (Doc. #26.) Because June 22, 2008 fell on a Sunday, the deadline to respond was the following day. Fed. R. Civ. P. 6(a)(3). The Defendants complied with the deadline by filing their motion to dismiss on this date. (Doc. #33.) Accordingly, Defendants' Motion to Dismiss should be granted.

### D.  PLAINTIFF'S MOTION TO STRIKE

Plaintiff has filed a document entitled "Reply and Objection to Defendants [sic] Motion to Dismiss dated June 24, 2008 as Moot to Be Stricken" (Doc. #42) and Defendants have responded (Doc. #45). Individually, Judge Steinheimer has filed a Statement of Position Regarding Plaintiff's Motion to Strike. (Doc. #44.) Plaintiff subsequently filed an "Alternative Reply and Objection to Defendants Response to Plaintiff's Motion to Strike and Support Thereof." (Doc. #52.)

Plaintiff argues that Defendants' motion to dismiss based on the statute of limitations is specious. Plaintiff also protests what he considers are three duplicative motions to dismiss by the defendants in an attempt to confuse him. With respect to the statute of limitations, the court has permitted Plaintiff to relate his claims back to the filing date of his original complaint, as discussed above. Plaintiff filed two complaints with the court: an amended complaint (Doc. #14) and a complaint for declaratory relief (Doc. #35). Defendants are collectively entitled to respond to each complaint, and Judge Steinheimer is also entitled to individually file a motion to raise the defense of judicial immunity. There is no legal basis to grant Plaintiff's motion to strike and it should be denied.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** in part and **DENYING** in part Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #33). The motion to dismiss should be **GRANTED** as to Counts I with prejudice and II without prejudice and **DENIED** as to Count III. Plaintiff should be

instructed to file an amended complaint restating Count II as described above within thirty (30) days from the date that the Order is entered, if he so wishes. The motion to dismiss as to Defendants Spitzer and Gammick should be **GRANTED** with prejudice. Defendant the Washoe County Board of Supervisors should also be dismissed from the complaint.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **GRANTING** with prejudice Defendant Honorable Judge Steinheimer's Motion to Dismiss (Doc. #24) and Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Relief (Doc. #35).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motion to strike (Doc. #42).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: December 5, 2008.

_____
UNITED STATES MAGISTRATE JUDGE