**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON ERIC SONNTAG, ) | 3:07-CV-311-BES (RAM) |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| DENNIS BALAAM, et al., ) | |
| ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion to Dismiss the Second Amended Complaint (Doc. #64). Plaintiff has opposed (Doc #67). After a thorough review, the court recommends that the motion should be granted dismissing the complaint.

## I. BACKGROUND

Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983, alleging wrongful arrest and prosecution and multiple violations of his constitutional rights at Washoe County Detention Facility while awaiting trial. In Count I of the previous Amended Complaint, Plaintiff alleged that he was falsely arrested and imprisoned for stealing a courthouse file in violation of his Fourth, Fifth, and Fourteenth Amendment rights. (Pl.'s Am. Comp. (Doc. #14) 4.) In Count II, Plaintiff challenged several conditions of his confinement at the Detention Facility while awaiting trial, alleging that he has

been exposed to severe mental, physical and sexual abuse and his personal property destroyed. (*Id.* at 5.) In Count III, Plaintiff alleged that he was the victim of a violent raid by a team of jail officials on October 12th, 2006. (*Id.* at 6.)

In January 2009, this court adopted the undersigned's Report and Recommendation dismissing Count I with prejudice and Count II without prejudice and with leave to amend. (Doc. #61.) On January 20th, 2009, Plaintiff filed a Second Amended Complaint (Doc. #64), which is the subject of the instant motion.

## **II. LEGAL STANDARD**

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Inter'l v. Ariz. Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). At minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 1965. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 1964 (internal quotations and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Id.* at 338. A complaint may be dismissed as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

### III. DISCUSSION

**A.    COUNT I**

Count I of the Second Amended Complaint alleges that Plaintiff was falsely imprisoned at Washoe County Detention Facility for eighteen months prior to trial. Plaintiff is without authority to amend this claim because the court's order granting leave to amend (Doc. #61) was limited to Count II of the complaint. Count I was dismissed with prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. #61 at 2.) Plaintiff has not sought leave to reassert this count of his previous complaint. Therefore, it should be dismissed with prejudice.

**B.    COUNT II**

The court dismissed Count II of the First Amended Complaint without prejudice because Plaintiff failed to state a valid claim for relief. The court identified specific types of information that needed to be included in the Second Amended Complaint. *See* Doc. #55 at 6 ("To comply with Rule 8, Plaintiff should include: (1) the constitutional right that [Plaintiff] believes was violated; (2) the name of the defendant[s] who violated the right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of the defendant[s] is connected to the violation of [Plaintiff]'s constitutional right; and (5) what specific injury Plaintiff suffered because of the defendants['] conduct.") (citation and quotation marks omitted). The amended claim suffers from the same flaws as its predecessor. As before, it consists of a litany of grievous conduct lacking any specific factual allegations for support, such as the date of the alleged conduct, the names of the officers involved, and the precise action undertaken or withheld by the defendants. Plaintiff completely fails to present a factual context so that his

claim is "plausible" on its face. *See Twombly*, 550 U.S. at 470. Therefore, it should be dismissed with prejudice.

**C.    COUNT III**

Count III of the Second Amended Complaint merely incorporates by reference Count III of the previously filed complaint. (Doc. #60 at 6.) While this remains a viable claim in this lawsuit, Local Rule 7015 requires that an amended complaint be complete in itself without reference to the superseded pleading. D. Nev. L.R. 7013. This is because as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1986). Therefore this claim should be dismissed with leave to amend.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion to Dismiss (Doc. #64) Counts 1 and 2 of the Second Amended Complaint (Doc. #42) with prejudice and Count 3 with leave to amend. Plaintiff should be instructed to file a Third Amended Complaint stating *only* Count III in a manner identical to the previously filed complaint (Doc. #14) within thirty (30) days from the date the Order is entered.

The parties should be aware of the following:

1.    That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

/ / /
/ / /
/ / /
/ / /
/ / /

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: August 3, 2009.

_____
UNITED STATES MAGISTRATE JUDGE