**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON ERIC SONNTAG, | 3:07-CV-311-RCJ (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| DENNIS BALAAM, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff's Motion for Judgment on the Pleadings. (Doc. #68.)[1] Defendants have opposed (Doc. #69), and Plaintiff has replied (Doc. # 70). After a thorough review, the court recommends that the motion should be denied.

## I. BACKGROUND

Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983, alleging wrongful arrest and prosecution and multiple violations of his constitutional rights at Washoe County Detention Facility (Detention Facility) while awaiting trial. In Count I of the First Amended Complaint, Plaintiff alleges that he was falsely arrested and imprisoned in violation of his Fourth, Fifth, and Fourteenth Amendment rights for stealing a courthouse file. (Pl.'s First Am. Comp. 4 (Doc. #14).) In Count II, Plaintiff

---

[1] Refers to the court's docket number.

challenges several conditions of his confinement at the Detention Facility while awaiting trial, alleging exposure to severe mental, physical and sexual abuse and deprivation of personal property. (*Id.* at 5.) In Count III, Plaintiff alleges that he was the victim of a violent raid by a team of jail officials on October 12, 2006. (*Id.* at 6.)

In January 2009, the District Court adopted the undersigned's Report and Recommendation dismissing Count I with prejudice and Count II without prejudice and with leave to amend. (Doc. #61.) On January 20, 2009, Plaintiff filed a Second Amended Complaint. (Doc. #60.) In October 2009, the District Court adopted the undersigned's Report and Recommendation dismissing Count I and Count II of Plaintiff's Second Amended Complaint with prejudice and Count III with leave to amend. (Doc. # 71.) Plaintiff's instant motion, while styled as a motion for judgment on the pleadings, essentially asks the court to reconsider its previous orders dismissing Count I and Count II. The court construes Plaintiff's motion as a motion for reconsideration.

## II. LEGAL STANDARD

Where a ruling results in a final judgment or order, a motion for reconsideration may be construed as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *School Dist. No. IJ Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In general, a motion to reconsider is left to the discretion of the trial court. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court

to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987). Under Fed. R. Civ. P. 59(e), any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

### III. DISCUSSION

**A.   COUNT I**

Count I of the Second Amended Complaint alleges that Plaintiff was falsely imprisoned at the Detention Facility for eighteen months prior to trial. Count I was dismissed with prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. #61 at 2.) The court's order granting Plaintiff leave to amend was limited to Count II of the complaint. (Doc. #61.) Plaintiff failed to seek leave to reassert Count I in his Second Amended Complaint and was without authority to amend this claim. Thus, the court again dismissed Count I with prejudice. (Doc. #83.)

In the instant motion, Plaintiff argues that the court should review and vacate its initial order dismissing Count I because the court misconstrued Count I and erroneously concluded it was barred by *Heck*. (Pl.'s Mot. for J. on the Pleadings 2-3 (Doc. # 68).) The court has reviewed Plaintiff's motion for reconsideration of the dismissal order (Doc. # 61.) Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's dismissal of Count I should be reversed. Therefore, as to Count I, Plaintiff's motion for reconsideration should be denied.

**B.   COUNT II**

The court dismissed Count II of the First Amended Complaint without prejudice because Plaintiff failed to state a valid claim for relief. The court identified specific types of information that needed to be included in the Second Amended Complaint. *See* Doc. #55 at 6 ("To comply

with Rule 8, Plaintiff should include: (1) the constitutional right that [Plaintiff] believes was violated; (2) the name of the defendant[s] who violated the right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of the defendant[s] is connected to the violation of [Plaintiff]'s constitutional right; and (5) what specific injury Plaintiff suffered because of the defendants['] conduct.") (citation and quotation marks omitted). In Plaintiff's Second Amended Complaint, Count II suffered from the same flaws as its predecessor. As in the First Amended Complaint, Count II consisted of a litany of grievous conduct lacking any specific factual allegations for support, such as the date of the alleged conduct, the names of the officers involved, and the precise action undertaken or withheld by the defendants. Because Plaintiff completely failed to present a factual context so that his claim was "plausible" on its face, the court dismissed Count II with prejudice. (Doc. #71 and 83.)

Plaintiff argues that the court should allow him to pursue Count II of his original complaint. (Pl.'s Mot. for J. on the Pleadings 2-3.) As discussed above, Plaintiff failed to properly amend Count II to comply with Rule 8, and the court dismissed Count II with prejudice. In his motion for reconsideration, Plaintiff fails to make an adequate showing justifying reversal of the court's dismissal of Count II. Therefore, as to Count II, Plaintiff's motion for reconsideration should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for Judgment on the Pleadings (Doc. #68).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: December 9, 2009.

_____
UNITED STATES MAGISTRATE JUDGE