**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON ERIC SONNTAG, | 3:07-CV-311-RCJ (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| DENNIS BALAAM, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is the Honorable Connie Steinheimer's Motion to Dismiss. (Doc. #93.)[1] Plaintiff has opposed (Doc. #96), and Judge Steinheimer has replied (Doc. # 97). After a thorough review, the court recommends that the motion should be granted.

## I. BACKGROUND

Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights at Washoe County Detention Facility (Detention Facility) while awaiting trial. In Count III of his Third Amended Complaint, Plaintiff alleges that Defendants violated the Eighth and Fourteenth Amendments by subjecting him to a vicious attack that resulted in Plaintiff being screamed at, having a stun gun pointed at his heart, and having his clothes removed so that he was forced

---
[1] Refers to the court's docket number.

to expose his genitalia to the officers at the Detention Facility. (Pl.'s Third Am. Compl. 2 (Doc. #86).)

In January 2009, the District Court dismissed Count I with prejudice and Count II without prejudice and with leave to amend. (Doc. #61.) On January 20, 2009, Plaintiff filed a Second Amended Complaint. (Doc. #60.) In October 2009, the District Court dismissed Count I and Count II of Plaintiff's Second Amended Complaint with prejudice and Count III with leave to amend. (Doc. # 71.) On November 9, 2009, Plaintiff filed his Third Amended Complaint in which he alleges a single cause of action under Count III.

## II. LEGAL STANDARD

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). At minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id*. at 555. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 1964 (internal quotations and citation omitted). The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of

1 action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions
2 can provide the framework of a complaint, they must be supported by factual allegations." *Id.*
3 at 1950. Additionally, "only a complaint that states a plausible claim for relief survives a
4 motion to dismiss." *Id.* A court should assume the veracity of well-pleaded factual allegations
5 and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[W]here
6 the well-pleaded facts do not permit the court to infer more than the mere possibility of
7 misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to
8 relief." *Id.* (citations, brackets, and quotation omitted). Thus, a complaint may be dismissed
9 as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a
10 cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th
11 Cir 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.
12 1984)).

### III. DISCUSSION

14 Defendant Judge Steinheimer argues that she should be dismissed from this action
15 because Plaintiff fails to allege any facts showing that she personally participated in the alleged
16 deprivation of Plaintiff's civil rights. (Def.'s Mot. to Dismiss 1-2 (Doc. #93).)
17 A claim brought under 42 U.S.C. § 1983 requires a specific relationship between the
18 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See*
19 *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The
20 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
21 right, within the meaning of §1983, if he does an affirmative act, participates in another's
22 affirmative acts or omits to perform an act which he is legally required to do that causes the
23 deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).
24 "The requisite causal connection can be established not only by some kind of direct personal
25 participation in the deprivation, but also by setting in motion a series of acts by others which
26 the actor knows or reasonably should know would cause others to inflict the constitutional
27 injury." *Id.*

28

Plaintiff's complaint is devoid of any factual allegations linking Judge Steinheimer to the alleged violation of his civil rights. (Pl.'s Third Am. Compl. 2.) Plaintiff merely names Judge Steinheimer in the caption of his complaint. (*Id.* at 1.) However, in his opposition to Judge Steinheimer's motion to dismiss, Plaintiff seems to allege that Judge Steinheimer participated in a conspiracy to have Plaintiff placed in jail. (Pl.'s Opp'n 1-2 (Doc. #96).) Plaintiff's opposition is difficult to decipher, but it appears that Plaintiff contends that the conspiracy to place Plaintiff in jail ultimately resulted in his false imprisonment, during which he was subject to the events described in his complaint. (*Id.*)

Even when construing Plaintiff's allegations liberally, Plaintiff fails to supply sufficient factual allegations to plausibly state a claim against Judge Steinheimer. First, Plaintiff's remaining cause of action pertains to an alleged violation of the Eighth and Fourteenth Amendments arising out of an incident that occurred at the jail. Plaintiff does not allege that Judge Steinheimer personally participated in this event. Second, to the extent Plaintiff attempts in his opposition to allege Judge Steinheimer participated in a conspiracy to falsely imprison him, Plaintiff fails to provide adequate factual allegations to state a plausible conspiracy claim against Judge Steinheimer. To allege a claim of conspiracy under section 1983, a plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate plaintiff's constitutional rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Here, Plaintiff asserts that Judge Steinheimer conspired with various individuals to have Plaintiff falsely imprisoned because Plaintiff withdrew his guilty plea in a criminal case. (Pl.'s Opp'n 2.) This single statement falls short of the necessary factual particularity needed to show that Judge Steinheimer and other individuals agreed to violate Plaintiff's constitutional rights. Plaintiff's allegations with respect to Judge Steinheimer are vague and conclusory. Therefore, Judge Steinheimer should be dismissed from the action because Plaintiff fails to

4

allege that she personally participated in the alleged deprivation of Plaintiff's civil rights.

Moreover, the court should dismiss Judge Steinheimer from this action with prejudice because Plaintiff's allegations in his opposition mirror the allegations contained in a claim that has previously been dismissed from this case with prejudice. In Count I of Plaintiff's First Amended Complaint, Plaintiff alleged that he was falsely arrested and imprisoned for stealing a courthouse file. (Doc. #14 at 4.) Plaintiff further alleged in opposition to a motion to dismiss that his false arrest and imprisonment was the product of a conspiracy between Judge Steinheimer and other actors. (Doc. #30 at 3.) The court dismissed Count I with prejudice as barred by *Heck v. Humphrey*, 512 U.S, 477, 487 (1994). (Doc. #55 at 4; Doc. #61.) The court dismissed Judge Steinheimer with prejudice because the only allegations against her pertained to Count I. (Doc. #55 at 8, 10; Doc. #61.) Here, Plaintiff's allegations against Judge Steinheimer that are contained in his opposition to the instant motion to dismiss are the same as those previously found to be *Heck*-barred. Plaintiff may not bootstrap previously dismissed claims into the sole remaining count in this action. Thus, Judge Steinheimer should be dismissed with prejudice.

### IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** with prejudice Judge Steinheimer's Motion to Dismiss (Doc. #93).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

/ / /

/ / /

/ / /

2.    That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: May 6, 2010.

_____
UNITED STATES MAGISTRATE JUDGE