

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON ERIC SONNTAG, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DENNIS BALAAM et al., ) <br> ) <br> Defendants. ) <br> ) | 3:07-cv-00311-RCJ-RAM <br><br> ORDER |

Plaintiff Jason Eric Sonntag has sued several Defendants for constitutional violations arising out of his pretrial detention at the Washoe County Jail. The Court previously granted a motion to dismiss the Second Amended Complaint, with leave to amend Count III. Plaintiff filed the Third Amended Complaint, alleging that on one occasion, a twelve-man extraction team entered his cell during a raid on his unit prompted by disciplinary problems throughout the unit. He alleges that he was forced to sit with his hands shackled behind his back for three hours, that officers enforced compliance by pointing a taser at him, and that after the raid he was strip-searched and forced to remain naked in his cell for one day. Defendants moved for summary judgment, and the Magistrate Judge has recommended denying the motion. (*See* Report and Recommendation, Jan. 19, 2011, ECF No. 123). Although the Magistrate Judge's elucidation of the general standards applicable to the case are correct, the Court respectfully disagrees with the

conclusions in the R&R and therefore rejects it and grants the motion for summary judgment as a matter of law.

The temporary shackling of an inmate for a legitimate reason such as officer safety during transport or extraction does not violate the Constitution where any injury or discomfort is inherent in the method of restraint. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996). Nor does the threat of a taser—or even the actual use of a taser where its use is not arbitrary or gratuitous—to enforce compliance with legitimate orders violate the Constitution. *Michenfelder v. Sumner*, 860 F.2d 328, 335–36 (9th Cir. 1988). Nor does the temporary and modest deprivation of clothing violate the Constitution without a claim of dangerously low temperatures or severely unsanitary conditions. *Anderson v. County of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995) (collecting cases). Finally, a garden-variety strip search after a mass raid into a cell block exhibiting disciplinary problems, including the possession of contraband, cannot be said to be constitutionally unreasonable. *See Michenfelder*, 860 F.2d at 332. Defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 123) is REJECTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 112) is GRANTED.

IT IS SO ORDERED.

Dated this 3rd day of March, 2011.

_____
ROBERT C. JONES
United States District Judge